IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCY A. LANE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO 04-CV-449-WDS |
| | ) |
| JOHN HANCOCK VARIABLE LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion for summary judgment, to which plaintiff has filed a response and defendant a reply. Defendant seeks summary judgment on the grounds that plaintiff's decedent, Gary O. Lane, failed to provide in a 2002 insurance policy application that he had been treated for or had any known indication of heart disease and failed to state on the application that he had been advised to take any medications. Based upon the representations in the application, defendant issued a life insurance policy dated July 16, 2002, to Gary Lane in the amount of $100,000. He died on June 27, 2003, within the contestable period of the policy. Plaintiff then made a claim on the policy in September 2003, and defendant conducted a routine investigation of the claim, and obtained Gary Lane's medical records. The defendant asserts that those records reveal a significant history of coronary arteriosclerosis and medical testing of his heart, diagnosis of and treatment for heart disease. The defendant died of cardiomegaly due to, or as a consequence of, left ventricular hypertrophy.

In response, plaintiff's counsel asserts that they were still awaiting a report from a cardiologist, Dr. Seth Barbanell, who treated Gary Lane prior to and after the date of his

application for life insurance. Plaintiff indicates that she had not, as of the date of the response to the motion, received that report. This report was the subject of a prior Order of this Court, where the Court declined to allow plaintiff additional time to conduct discovery to prepare her response to this motion.[1]

The record reveals that on the application Gary Lane was asked questions about his medical history. Significantly, Gary Lane answered "no" to these questions: 11(c), whether the applicant had been treated for or had any known indication of disease of the heart, stroke or cancer; 11(e), whether he was currently taking prescription medications or had been advised to take medications; 11(f), whether he had been admitted to a hospital or other medical facility within the previous 5 years; and 11(j), whether, within the previous 5 years he had any mental or physical impairment or disease not listed. Gary Lane answered "yes" to the following questions, but failed to detail the nature of his positive answers: 11(b), whether he had consulted with or been treated by a physician within two years; and 11(i) whether he had any electrocardiograms, blood tests or other tests or studies. (Ex. K) Although the instructions required him to answer the questions completely, and for yes answers to provide details, he failed to mention the following: that he had a colonoscopy in April 1999; that he had been diagnosed in May 2000 with coronary arteriosclerosis; that he underwent a stress test in May 2000, which resulted in a coronary catheterization and coronary angiogram on May 9, 2000; after the catheterization and angiography, he was prescribed Lipotor and Toprol; and that after his heart condition was diagnosed, he was forced to retire from the National Football League as an umpire due to being a

---

[1] The Court's Order of May 31, 2005 (Doc. 20), granted plaintiff additional time to file a response to defendant's motion for summary judgment, but did not allow plaintiff leave to re-open discovery to take additional depositions or obtain reports of plaintiff's treating physician.

health risk.

## ANALYSIS

Fed. R. Civ. P. 56(c) provides that a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In determining whether a district court properly granted summary judgment, "[a]ll factual inferences are to be taken against the moving party and in favor of the opposing party." *Int'l Adm'rs, Inc. v. Life Ins. Co. of N. Am.*, 753 F.2d 1373, 1378 (7th Cir. 1985). In instances in which "inferences contrary to those drawn by the trial court might be permissible," a district court's grant of summary judgment must be reversed. *Munson v. Friske*, 754 F.2d 683, 690 (7th Cir. 1985). Once a motion for summary judgment has been made and properly supported, however, the nonmovant does have the burden of setting forth specific facts showing the existence of a genuine issue of a material fact for trial. *See* Rule 56(e); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960 (1983), (noting that "a bare contention that an issue of fact exists is insufficient to raise a factual issue"). Although a requisite, the existence of a factual dispute is not, standing alone, sufficient to bar summary judgment. It is well settled that a "factual dispute does not preclude summary judgment unless . . . the disputed fact is outcome determinative under the governing law." *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.), *cert. denied*, 464 U.S. 918 (1983), *cited in Shlay v. Montgomery*, 802 F.2d 918, 920 (7th Cir. 1986).

Under Illinois law, rescission of an insurance contract is appropriate when "(1) a misrepresentation was made and (2) the misrepresentation was made with an intent to deceive or

materially affected the risk accepted or hazard assumed." *New England Mut. Life Ins. Co., v. Bank of Ill. in DuPage*, 994 F. Supp. 970 (N.D. Ill. 1998) (*citing, Campbell v. Prudential Ins. Co. of Am.,* 155 N.E.2d 9, 11 (Ill. 1958); *Northern Life Ins. Co. v. Ippolito Real Estate P'ship*, 601 N.E.2d 773, 779 (Ill. App. Ct. 1992)).

"In filling out an insurance application, the insurance applicant has the duty to act in good faith towards the insurance company." *New England Mut.,* 994 F. Supp. at 976 (*citing Carroll v. Preferred Risk Ins. Co.,* 215 N.E.2d 801, 802 (Ill. 1966)); *Garde v. Country Life Ins. Co.*, 498 N.E.2d 302, 308 (Ill. App. Ct. 1986). The requirement is that an applicant for insurance must make a "complete and truthful disclosure of all relevant information so that the insurer may determine whether the applicant meets the insurer's underwriting criteria." *New England Mut.,* 994 F. Supp. at 976. Further:

> An incomplete answer or a failure to disclose material information in response to a question can constitute a misrepresentation. An applicant's failure to disclose relevant information will not be excused on the grounds that the applicant believed the problem was minor and not material enough to mention. Rather, the applicant must make a full and complete disclosure of all relevant information and let the insurer determine the materiality of the information.

*Id.* at 976-77 (citations omitted). For the false statement to have been a misrepresentation, the insurance company "must have reasonably relied upon the statement in order to determine the company's risk." *Id.* at 977 (citations omitted).

Defendant must establish that the misrepresentation was made with the intent to deceive or was material to the risk assumed by the insurer. Under Illinois law, a misrepresentation is material if "reasonably careful and intelligent persons would regard the facts as stated to substantially increase the chances of the event insured against, so as to cause a rejection of the

application." *Small v. Prudential Life Ins. Co.,* 617 N.E.2d 80, 83 (Ill. App. Ct. 1993). Even if the material misrepresentation is made through mistake or good faith, it will avoid the contract. *Campbell,* 529 N.E.2d at 1067; *Garde*, 498 N.E.2d at 308. Moreover, the "fact that the insured does not die from the misrepresented ailment does not affect the materiality of a misrepresentation." *New England Mut.,* 994 F. Supp. at 982. In fact, materiality can be determined from the testimony, or an affidavit, of the insurance company's underwriter or employee. *Small* 617 N.E.2d at 83.

Upon review of the record, the Court **FINDS** that plaintiff's decedent failed to make complete disclosure of his medical and health history in his application for life insurance, and that this failure amounted to a material misrepresentation. The Court **FURTHER FINDS** that the defendant is entitled to rescission of the insurance contract, and that the defendant is entitled to summary judgment in its favor on plaintiff's complaint.

Accordingly, the Court **GRANTS** summary judgment in favor of defendant John Hancock Variable Life Insurance Company and against plaintiff Marcy A. Lane on all claims. Each party shall bear its own costs.

**IT IS SO ORDERED.**

**DATED:   October 25, 2005.**

                                                **s/ WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**